UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUSEYI ADENIJI,

                Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT;
CITY OF NEW YORK; POLICE OFFICERS
JOHN DOES 1, 2 AND 3,

                Defendants.

21-CV-0664 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff proceeds *pro se*. He filed this complaint alleging that, because of his race, he was arrested without probable cause and police officers used excessive force against him. By order dated February 19, 2021, the Court held that the only named defendant (the New York City Police Department (NYPD)) was not proper and that Plaintiff's claims under 42 U.S.C. § 1983, which arose in 1991, appeared to be time-barred. The Court granted Plaintiff leave to file an amended complaint within 60 days and directed him to plead any facts that could establish tolling of the limitations period.

    Plaintiff did not file an amended complaint within the time allowed, and the Court dismissed the action for his failure to do so. (ECF Nos. 4-5.) Thereafter, Plaintiff moved for reconsideration of the order of dismissal. The Court granted Plaintiff's motion for reconsideration, vacated the order of dismissal and judgment, and reopened this action. (ECF No. 9.) The Court directed Plaintiff to file an amended complaint and to plead any facts showing that the statute of limitations could be equitably tolled.

    Plaintiff filed an amended complaint (ECF 10), and the Court has reviewed it. For the reasons set forth below, the Court dismisses Plaintiff's claims under Section 1983 as time-barred

and for failure to state a claim, and declines to exercise supplemental jurisdiction of his state law claims.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In his amended complaint, Plaintiff alleges the following facts. Plaintiff is African American. (ECF 2 at 4, ¶ 10.) On March 10, 1991, he was "sitting in his car doing nothing illegal." (*Id.* at 2, ¶ 2.) Plaintiff's wife and two children were with him, and he was parking the car near Riverside Church at 490 Riverside Drive in Manhattan. (*Id.* at 6, ¶ 16.) Three NYPD officers "arrived from nowhere and attacked Plaintiff by beating him with their batons over his head, face, and arms . . . ." (*Id.* at 7, ¶ 17.) The officers did not give "any reason for their actions," and he was arrested and taken to the local NYPD precinct on West 126th Street. (*Id.* at ¶ 18.) At the precinct, Plaintiff was strip searched and placed in a holding cell, where he

remained for six hours without medical attention. Plaintiff was then taken to Harlem Hospital, where he was diagnosed with head injuries, facial swelling, and bruise. (*Id.* at ¶ 19.) Plaintiff contends that Defendants' conduct, including "restraining, arresting, striking, threatening, and prosecuting" him, violated his constitutional rights.[1] (*Id.* at ¶ 24.) Their actions "were based on malice and bad faith and were supported by the false statements made by the Defendants under oath." (*Id.* at ¶ 23.)

Plaintiff asserts that the City of New York and the NYPD are responsible for the conduct of the individual officers due to the "failure of the NYPD to properly train, supervise, and discipline its officers." (*Id.* at 9, ¶ 26.) Moreover, the City of New York fails to "adequately and properly investigate complaints of police misconduct." (*Id.* at 11, ¶ 29.)

On an unspecified date, Plaintiff went to the 26th Precinct to obtain a record of the incident but was told that they "no longer had any information about the incident in their system," and he was directed to NYPD Headquarters at One Police Plaza. (*Id.* at ¶ 20.) At NYPD Headquarters, Plaintiff was given a phone number to call to request documentation. (*Id.* at ¶ 21.) He called the number but never received any response and "subsequent efforts to contact them by mail or telephone were to no avail." (*Id.*)

Plaintiff "was advised by others," on an unspecified date, that "a black male filing a police brutality complaint would have little or no chance at receiving justice." (*Id.* at ¶ 22.) He filed a complaint with the New York City Civilian Complaint Review Board (CCRB), and

---

[1] Plaintiff states that he was prosecuted but does not plead any other facts about his criminal proceedings, including whether there was any conviction, and if so, whether it was vacated. These facts would be relevant to whether Plaintiff could state a claim for false arrest if the Court were to reach the merits of that claim.

received a receipt for complaint number 1-1-1565054297.[2] (*Id.*) Plaintiff indicates that "the investigation is ongoing." (*Id.*)

Plaintiff brings Section 1983 claims against three "John Doe" officers for allegedly violating his due process rights under the Fifth and Fourteenth Amendments, and for using excessive force. He sues the City of New York and the NYPD on the ground that their policies, customs, or practices caused the individual officers to violate his First, Fourth, Fifth and Fourteenth Amendment rights. Plaintiff also brings claims under the New York State Constitution. He seeks damages and to expunge any arrest information arising from these facts, and to enjoin Defendants from disrupting "lawful First Amendment activities." (*Id.* at 22.)

## DISCUSSION

**A.     Timeliness of Section 1983 claims**

Plaintiff brings claims under Section 1983 based on allegations that the John Doe officers arrested him without cause and used excessive force against him in March 1991. As set forth in the Court's order to amend, the statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). A Section 1983 claim generally accrues when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Plaintiff knew of his injuries from the excessive force and false arrest in March 1991, and these Section 1983 claims

---

[2] Plaintiff attaches to the complaint a receipt showing that on May 20, 2018, he filed a claim with the CCRB and was issued "service request number 1-1-1565054297." (ECF 10 at 26.) Plaintiff also attaches a document reflecting that on March 25, 2021, he submitted a complaint to the NYPD, which was assigned number 2021-026-11156. (*Id.* at 27.)

4

accrued then. *See Pearl*, 296 F.3d at 85 (explaining that claim accrued when plaintiff was injured because he "was obviously aware of his cause of action for police brutality at the time of the 1967 episode"); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) (holding that because "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges" – not "after the State dropped the charges against him").

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

When Plaintiff filed his original complaint in 2021, it was plain from the face of the pleading that his claims accruing in 1991 had been brought long after the three-year limitations period had expired.[3] The Court therefore notified Plaintiff that his Section 1983 claims appeared

---

[3] The Court assumes, for purposes of this order, that the amended complaint relates back to the original complaint and therefore is deemed filed as of the date of the original complaint.

to be time-barred and granted him an opportunity to plead any facts that could establish equitable tolling.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

In addition, New York law provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant). *See Wallace*, 549 U.S. at 394 ("We have generally referred to state law for tolling rules [for Section 1983 actions], just as we have for the length of statutes of limitations.").

In his amended complaint, Plaintiff can be understood as making the following arguments why the limitations period should be equitably tolled. He alleges that, on dates that he does not specify, he: (1) went to the 26th Precinct to obtain relevant records but was told that they "no longer had any information about the incident in their system" (ECF 10 at 7, ¶20 ); (2) attempted to obtain a police report from NYPD Headquarters at One Police Plaza, in person and by phone, without success (*id.* at ¶ 21); (3) filed a complaint with the New York City CCRB, and its investigation is ongoing; and (4) "was advised by others," that "a black male filing a

police brutality complaint would have little or no chance at receiving justice" (*id.* at ¶ 22). These allegations do not establish any recognized basis for equitable tolling of the limitations period.

First, Plaintiff does not plead any facts that suggest that his efforts to obtain evidence took place during the period he seeks to toll – that is, before the limitations period expired. Plaintiff's CCRB complaint, for example, appears to have been filed in 2018, long after the three-year limitations period expired in or about 1994.

Second, Plaintiff's allegations that he was unable to obtain police reports or other evidence do not show that he was "induced by the defendant to forego a lawsuit until the statute of limitations has expired," *Pearl*, 296 F.3d at 82, or that anyone fraudulently concealed from him that he had a cause of action. The Second Circuit has "made an important distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." *Pearl*, 296 F.3d at 84 ("Although some of the facts putatively concealed by the defendants might have strengthened [the plaintiff's] case by corroborating her story, we find that the absence of those facts did not sufficiently justify [the plaintiff] in not pursuing her cause of action as to merit equitable tolling."). The fact that documentation might have strengthened Plaintiff's case cannot justify his delay in pursuing it. A complaint need only include a short and plain statement of the facts showing that the plaintiff is entitled to relief, and such proof is not necessary at the time of initiating a lawsuit.

Third, the fact that unknown "others" discouraged Plaintiff from filing suit, at a date that is not specified, also cannot toll the statute of limitations. Plaintiff thus has not shown any compelling circumstances that could trigger the narrow exception for equitable tolling. Plaintiff's

Section 1983 claims for excessive force and false arrest arising in 1991 must therefore be dismissed as time-barred.

**B.     Municipal liability**

Plaintiff brings claims against the City of New York, alleging generally that the harms that he suffered were caused by the City of New York's failure to train and supervise the NYPD officers involved.[4] To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Connick v. Thompson*, 563 U.S. 51, 63 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law").

      **1.     City liability for excessive force and false arrest**

As an initial matter, "isolated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage." *Jones*, 691 F.3d at 81. Plaintiff's allegations that officers used excessive force against him are insufficient. Instead, a plaintiff can state a claim in this context by, for example, pleading facts "to show a sufficiently widespread practice among police officers of abuse of the rights of black people to support reasonably the conclusion that such abuse was the custom of the officers of the Department and that supervisory personnel must have been aware of it but took no adequate

---

[4] In the order to amend, the Court explained that the NYPD cannot be sued in the name of the agency and that claims against the NYPD must be asserted against the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The NYPD is therefore dismissed, and the Court considers whether Plaintiff's allegations state a claim against the City of New York.

8

corrective or preventive measures." *Id.* at 82. A plaintiff could also plead municipal liability by alleging facts showing "that a policymaking official ordered or ratified the employee's actions—either expressly or tacitly," or by pleading facts "showing of deliberate indifference on the part of supervisory personnel to abuse of the rights of black people." (*Id.*) Plaintiff's allegations of an isolated act of excessive force are insufficient to state a claim that the City of New York was a moving force in causing a violation of his rights.

Moreover, Plaintiff's allegations regarding a lack of supervision or training are too vague to state a claim that the City of New York itself violated his rights. At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy the pleading standards for municipal liability. *Id.* Instead, a plaintiff must "identify a specific deficiency in the [municipality's] training program and establish that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (quoting *City of Canton v. Harris,* 489 U.S. 378, 391 (1989)).

The plaintiff must also allege that the municipality was on notice that its training program was "deficient in a particular respect." *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 539 (S.D.N.Y. 2012) (quoting *Connick*, 563 U.S. at 62). "[W]hen [municipal] policymakers are on actual or constructive notice that a particular omission in their training program causes [municipal] employees to violate citizens' constitutional rights, the [municipality] may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563

U.S. at 61 (citation omitted); *Reynolds v. Giuliani*, 509 F.3d 183, 192 (2d Cir. 2007) ("[A] city's failure to train its subordinates satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of the current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need." (citation omitted)). Plaintiff's cursory allegations that the City of New York did not adequately train or supervise employees are insufficient to state a claim under these standards.

Even if Plaintiff had pleaded facts that could state a claim against the City of New York, such a claim is also time-barred under Section 1983's three-year limitations period. Any policies, customs, or practices that caused Plaintiff's rights to be violated in 1991 were necessarily contemporaneous with that incident. Plaintiff does not plead any facts suggesting that such a claim accrued at a later date. Plaintiff's allegations that the City of New York, through its policies, customs, or practices, caused his rights to be violated in 1991 thus fail to state a claim on which relief may be granted and are time-barred.

### 2. City liability for First Amendment retaliation

Plaintiff alleges that the City has "a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct." (ECF 10 at 11, ¶ 30.) He does not plead any facts about what occurred. It is unclear if he intends to allege that his 1991 arrest was motivated by retaliation for his own First Amendment activities at that time. Plaintiff has not pleaded any facts about what happened, and he thus fails to state a claim for retaliation in violation of the First Amendment. Moreover, any Section 1983 claim under the First Amendment based on an

arrest in 1991, accrued at that time and is time-barred under the application three-year limitations period.[5]

### 3.     City policies regarding investigation

Plaintiff alleges that the City of New York has a policy of failing to "adequately and properly investigate citizen complaints of police misconduct." (ECF 10 at 11, ¶ 29.) He does not plead any facts suggesting the existence of such a policy. If Plaintiff intends to assert a claim against the City for the 1991 arrest and use of excessive force against him based on the City's failure, at that time, to investigate complaints against officers (a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)), Plaintiff has not provided any facts to state such a claim. Moreover, such a claim would have accrued in or about 1991 and is therefore time-barred.

The Court also considers whether Plaintiff intends to assert a Section 1983 claim against the City of New York for its response to his current efforts to document and complain of the 1991 events. Plaintiff seems to style this claim as arising under the Fourteenth Amendment.[6] Attachments to the complaint suggest that Plaintiff made a CCRB complaint in 2018, and he states that the investigation is "ongoing." (*Id.* at 22.) The U.S. Constitution, however, does not provide individuals with an affirmative right to an investigation of their claims by the government that is protected by the Due Process Clause of the Fourteenth Amendment. *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 196–97 (1989) (holding that

---

[5] The Court does not understand Plaintiff to be alleging that his First Amendment rights have been violated more recently due to an arrest in connection with his efforts in 2018 and thereafter to document his 1991 arrest. Thus, nothing in this order prevents Plaintiff from bringing suit regarding some other retaliatory arrest not described in the amended complaint.

[6] Plaintiff also invokes the Fifth Amendment, which applies to claims against federal officials and is not relevant to a claim against the City of New York.

the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Harrington* v. *Cnty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that parents had no constitutional right to an adequate police investigation of fatal motor vehicle collision); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)). Plaintiff's allegations that his complaints were not investigated thus neither assist him in stating a *Monell* claim against the City in connection with the officers' conduct during his 1991 arrest, nor state a Due Process Claim under Section 1983.

C.     **Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's federal claims, under 42 U.S.C. § 1983, are dismissed for failure to state a claim and as untimely. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise

supplemental jurisdiction of Plaintiff's state law claims and dismisses them without prejudice.

The Court directs the Clerk of Court to enter judgment in this matter.

SO ORDERED.

Dated: February 7, 2023
       New York, New York

                                                        *Louis L. Stanton*
                                                        Louis L. Stanton
                                                            U.S.D.J.